Motion is to be Herd on December 31st, 2007 Ct.4 5th floor

In The United States District Court Northern District of California

Filed
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NO C07 06068 RS

Motion for Claim and Demand, Adverse Possesion

Honorable Judge Richard Seeborg

Plaintiff Bring this Motion befor the Court expressing the following Facts

I. The defendant at the present time has possesion of plaintiffs personal property. This property are benefit checks that were returned to the defendant unnegotiated. (please see exhibit 1#) These checks have not been forwarded to plaintiff even thow the following rules of law apply,

II. Plaintiff was given a Security interest in the Check's when they were Mailed, and Duly negotiated to plaintiff. There is at the present time no claims or defense to the Checks, except a SSA employees clarification of the SSA dealings with the Check's. This is not a legal way to present a overpayment.

The SSA's procedural policy is to Mail a notice of overpayment, expressing procedural rights available to plaintiff. If the SSA does not due this there is no Claims of defense to the payments. Thus Making plaintiff the holder in Due Course.

2. Plaintiff at the time has a right to idemnification due to loss or liability

3. plaintiff holds a Collateral interest IN the payments.

4. The checks were paid opone agreement of a Simple Contract.

Plaintiff is now requesting that the Court order the defendant to forward these returned checks to plaintiffs current address he resides. As for the defendant to not Due this, is a Breach of impled Contract agreement, as Exhibit Y# Would Clearly prove where these Negotiable instruments were Duly negotiated to plaintiff also assigned.

Plaintiff would also like to express that his Due process rights are being violated Due to the [redacted] Defendant refusing plaintiff his Constitutional right to a hearing prior to recovery of any payment paid to plaintiff. SEE Elliot V Weinberger 564 F.2d 1219 CA. 9 Hawaii (1977) Roth V Board of Regents 408 US 564, 33 L Ed 2d 548, 92 SCt 2701 Constitutional law 529, 530, 529, 786. It is plaintiffs' request that the Court view wear the defendant has clearly denied plaintiff this Constitutional right. It is now plaintiffs' request that the Court order the defendant to forward these returned checks. Also the check mailed in December 2002 that was returned to Defendant unnegotiated. As defendant has waived its right to recover this check please see Exhibit #1. Plaintiff has attempted to express all these Facts of law throu the Constitutional pre recovery hearing, but has been

denied the remedy. It is now Plaintiffs plea to the Court that this is the only remedy he has to insure that his Due process rights are Enforced.

respectfully Submited by

Michael Cook, plaintiff in pro se

I Michael Cook hearby Swear by the Penalty of perjury that the forgoing is true and Correct and can hearby testifie to this if called apone to do so.

Executed this 9th day of December 2007

Signiture

Michael Cook

# Discription of Exhibits

## Exhibit # 1

Notice of reconsideration, establishing that six (6) specific checks were returned to the defendant unnegotiated.
Also expresing clearly the absalute right of plaintiff to a hearing befor an administrative law Judge, also expressing the defendants waiver of any rights to recover on any overpayments.

## Exhibit # 2

The amended notice from the defendant, expressing plaintiffs procedure administrative rights in regards to the assesed overpayment. One of the months express December, 2002. This check was returned to SSA, unnegotiated.

## Exhibit # 3

An order by the Honorable Richard Seeborg acknowledging the SSA's deniel of plaintiffs

request for a hearing. Also acknowledging Plaintiffs' timely request for a hearing.

Exhibit # 4

An SSA Employees; Clear denial of plaintiffs' due process right to a hearing before an Administrative Law Judge.

Exhibit # 5

Once again a SSA Employee, denying Plaintiff, his due process right to a hearing before a administrative law Judge.

This Concludes Exhibit discription

I Michael Cook plaintiff, hereby swear by the penalty of Perjury that the forgoing is true and Correct.

Executed this 12th day of november 2007

Signature X [signature]

Exhibit #

Social Security Administration

**Supplemental Security Income**

Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: [redacted]-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

these benefit checks were never negotiated back to SSA they are now being received unarbitrarily. Plaintiff is still at this time holder in due course.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

It clearly states Plaintiff right to a hearing. SSA has denied plaintiff this hearing See exhibit #4

- You have 60 days to ask for a hearing.
- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

All written notations written by plaintiff

See Next Page

- You must have a good reason if you wait more than 60 days to ask for a hearing.
- You have to ask for a hearing in writing. We will ask you to sign a form HA-501-U5, called "Request for Hearing." Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to an Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case." It contains more information about the hearing.

**How The Hearing Process Works**

The ALJ will mail you a letter at least 20 days before the hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

**It Is Important To Go To The Hearing**

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

**If You Want Help With Your Hearing**

You can have a friend, representative or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

[redacted]-3056

**If You Have Any Questions**

For general information about SSI, visit our website at www.socialsecurity.gov on the Internet. You will find the law and regulations about SSI eligibility and SSI payment amounts at www.socialsecurity.gov/SSIrules/.

For general questions about SSI or specific questions about your case, you may call us toll-free at 1-800-772-1213 or call your local Social Security office at (408) 292-8900. If you call or visit our office, please bring this letter with you and ask for SSI Claims Rep..

If you plan to visit an office you may call ahead to make an appointment. This will help us serve you more quickly.

*Carolyn Goodwin*
Carolyn Goodwin
Field Office Manager

Exhibit 7

# Social Security Administration
## Supplemental Security Income
Notice of Overpayment

AMENDED

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: 558-31-3[redacted]
February 27, 2007
CMB

MICHAEL COOK [redacted]
CSATF
P O BOX 5246
CORCORAN CA 93212

We are writing to let you know that we have paid you $3,336.78 too much Supplemental Security Income (SSI) money. The overpayment happened October and November 2000, January 2002, May 2002, December 2002.

The overpayment occurred because your SSI checks were cashed while you were in penal custody throughout entire calendar months. This Notice replaces the Notice of November 20, 2002 which you told us you received when you reviewed the medical records you requested from us. Your remarks in the letter you wrote, dated August 21, 2006, caused us to look at the Notice of November 20, 2002 and see that indeed the Notice was not completely accurate. The amount of the overpayment was less than the true overpayment and the months for which you were overpaid were not totally correct. See "A Detailed Explanation of Your Overpayment" at end of this letter. The SSA clearly acknowledges that the previous notice was incorrect (the plaintiff)

Later in this letter, we'll give you a detailed explanation of your overpayment.

You must pay us back unless we decide you shouldn't have to pay us back or we are wrong about the overpayment. If you think you shouldn't have to pay us back or disagree with the decision about the overpayment, you can:

Ask for a waiver,

Ask for an appeal, or

Do both.

Plaintiff exercised this right timely, then requested a hearing as stated his right, in the initial determination of the appeals notice of reconsideration.

This letter will tell you more about these things you can do.

MC plaintiff

See Next Page

Folder Copy

## A Detailed Explanation Of The Overpayment

### Overpayment Summary

We overpaid you $3,336.78. The following table shows how your payment changed each month. The first column lists the month(s) we paid you incorrectly. The next column shows the amount we paid you for each month. The last column, Correct Amount for Each Month shows the amount we should have paid you for each month.

| Month | Incorrect Amount Paid | Correct Amount Due |
|---|---|---|
| October 2000 | $692.00 | $0.00 |
| November 2000 | $692.00 | $0.00 |
| January 2002 | $746.10 | $0.00 |
| May 2002 | $647.34 | $0.00 |
| December 2002 | $568.34 | $0.00 |

Even if there was no right to receive the overpayment this property interest demands due process protection

The SSI we paid you included some payments we made for your State.

This notice changes the decision we sent you before about your overpayment for October 2001 through February 2002 and the month of May 2002.

Also please note the sum of the amounts in the "Incorrect Amount Paid" column does not equal the amount of the Overpayment. This is because we did not pay you a $ 9.00 underpayment -amount due at the rate of $ 1.00 per month for January 2000 through September 2000. We used this amount to reduce the amount of the overpayment. Therefore the amount of the overpayment is $ 3,336.78 rather than $ 3345.78.

### Why You Were Overpaid

You could not get SSI because all of the facts below were true.

You were in an institution run by the Federal, State, or local government. This includes some hospitals, nursing homes, and other care facilities or prisons.

AND

You lived there at least 1 full month.

AND

Folder Copy

PAYMENT STUB

To help us credit your record, please fill out this form and return it with your payment in the enclosed envelope.

NAME: MICHAEL C COOK

ACCOUNT NUMBER: [redacted]3056

AMOUNT DUE: $3,336.78

**ENTER AMOUNT ENCLOSED $________________**

Folder Copy

Exhibit 3 An order from the Honorable Richard Seeberg acknowledging SSA refusing Plaintiff a hearing also acknowledging Plaintiffs attempt to exhaust his administrative Remedies.

*E-FILED 10/11/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

NO. C 06 05950 RS

**ORDER**

In this action, plaintiff Michael Cook contends the Social Security Administration ("SSA") has wrongfully failed to forward to his current address certain Supplemental Security Income benefit checks that were previously mailed to him but returned as undeliverable. On August 7, 2007, the Court entered an order stating, among other things: "it could be that Cook will eventually be entitled to judicial review of any adverse determination made in the administrative proceedings. Assuming Cook meets the prerequisites for such review, he would need to file a *new* action, in compliance with the rules applicable to such proceedings. See, e.g. Local Civil Rule 16-5. In the meantime, Cook is advised that there appears to be no conceivable basis to seek further relief in this particular action, and he is strongly discouraged from filing any further 'motions,' letters, or other pleadings herein." August 17, 2007, Order at 4:1-6 (footnote omitted).

Notwithstanding this clear direction that Cook should not continue to submit papers or seek relief in this action, he has continued to do so. Most recently, Cook has submitted a letter and other documents requesting: (1) "any kind of assistance [the Court] could render" with respect to his claim that the SSA is not permitting him to exhaust his administrative remedies, and (2) that he be



United States District Court
For the Northern District of California

provided an appropriate "form" for filing a claim against a person acting under the color of state law.

Cook's first request is based on the fact that the SSA apparently has informed Cook that he has no right to review by an Administrative Law Judge of a decision issued by the SSA on July 27, 2007. The SSA appears to be taking the position that because that decision *waived* SSA's right to recover an asserted overpayment of $3336.78, Cook cannot be aggrieved by the decision and there is nothing left for him to appeal. It is not immediately clear whether the SSA's position that its decision left nothing for Cook to challenge is tenable. The July 27, 2007 decision included a finding that six specific SSI checks were returned to the SSA. In what appears to be subsequent handwritten interlineations to that decision, presumably made by an SSA employee in communication with Cook, the agency seems to explain further that Cook is not entitled to recover any of the returned checks because he was incarcerated during the months to which those checks pertain. The SSA may be correct that Cook is not entitled to those checks if he was incarcerated, but it appears to be *that* aspect of the July 27, 2007 decision that he wished to challenge in a hearing before an Administrative Law Judge. Accordingly, the fact that overpayment was *waived* in connection with checks sent for certain *other* months does not appear to establish conclusively that Cook could not be considered aggrieved by the decision that he is not entitled to the monies represented by the checks that were returned to the SSA unnegotiated.

That said, Cook's request that the Court somehow compel the SSA to "permit" him to "exhaust" his administrative remedies must be denied. Cook either was entitled to a hearing before an Administrative Law Judge or he was not, but as a general rule, an agency that asserts a particular administrative remedy is not available will not thereafter be able to argue that judicial review is foreclosed solely as a result of the claimant's failure to exhaust that remedy. In other words, the basis for Cook's request seems to be his contention that he is not being "allowed" to exhaust his administrative remedies, but if that is true, then he likely *has* exhausted his remedies and should proceed as directed in the Court's August 7, 2007 Order. Nothing in this Order, however, is a finding of fact or a conclusion of law as to whether or not Cook has indeed exhausted his administrative remedies.

Cook's second request, asking that he be provided a "form" for filing a claim against a

person acting under the color of state law is also denied. It appears Cook has misunderstood the Court's August 7, 2007 Order, which addressed a proposed complaint that Cook had submitted on a form available to prisoners for bringing complaints under 42 U.S.C § 1983. The claims Cook has attempted to assert in this action, although not always entirely clear, have plainly been against the *federal* government or its employees for actions taken under the color of *federal* law. To the extent Cook wants a "form" to pursue further his complaints against the SSA in connection with the matters he has raised in this action, 42 U.S.C § 1983 is simply inapplicable. To the extent Cook may wish to raise *other* claims, unrelated to this proceeding, against persons acting under the color of *state* law, it is evident that he already has access to forms designed for bringing such claims.

Finally, Cook is hereby advised that, absent a legal obligation to act otherwise, the Court intends to: (1) disregard any further letters or other documents filed by Cook in this action, whether filed, marked as "received," or sent directly to chambers, and; (2) dispose of any document filed as a "motion" by minute order stating only "motion denied."

IT IS SO ORDERED.

Dated: October 10, 2007

RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

James A. Scharf james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook T-79529
CSP Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: October 11, 2007

/s/ BAK
Chambers of Magistrate Judge Richard Seeborg

United States District Court
For the Northern District of California

Clarification Exhibit 4 #

Social Security Administration
**Supplemental Security Income**
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: [redacted]-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

SSA clearly violates plaintiff's due process rights by releasing CPS before allowing a hearing. MC plaintiff

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.
You were not due any of the above cks due to incarceration — Credited back to treasury

However, there was an still outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

appeal dismissed — no longer issue since OP already waived — Zero Overpayment balance —

**If You Disagree With The Decision**

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.
- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

It states right in this section that I have a right to request a hearing! — MC plaintiff

See Next Page

Exhibit 5 #

Social Security Administration
**Supplemental Security Income**

SOCIAL SECURITY
2500 FONTAINE RD
SAN JOSE, CA 95121
Claim Number: [redacted]-3056
September 12, 2007
3LH

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671-0066

Dear MICHAEL COOK

YOUR REQUEST FOR RECONSIDERATION REGARDING GIVING YOU YOUR RETURNED SSI CHECKS IS NOT AN APPEALABLE ISSUE. YOU WERE NOT DUE THOSE CHECKS DUE TO INCARCERATION SO THEY WERE RETURNED TO TREASURY.

YOUR SSI RECORD HAS BEEN TERMINATED DUE TO MORE THAN 12 MONTHS OF INELIGIBILITY. YOUR SSI RECORD SHOWS NO OVERPAYMENTS. WHEN YOU ARE RELEASED FROM JAIL YOU MAY FILE A NEW CLAIM THAT HAS NO OVERPAYMENT BALANCE TO CARRY FORWARD.

JH for
*Vic Borba*

Vic Borba
Field Office Manager

All your issues were discussed in this letter

This SSA Employee clearly denies plaintiff a right to a hearing, the statement made by the Employee is deprivation with out due process.

MC plaintiff

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745

I, Michael Cook, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

CSP Sacramento
P.O Box 290066
Represa Ca
95671

On, December 9th, 2007, I served the following documents:
Motion for order of adverse Possession Action and Demand. on the below named individuals by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. Office of the Clerk, U.S District Court Northern District of California 280 South First St, Room 2112 San Jose CA

2. U.S.A Attorney Joan Swanson 150 Almaden Blvd, Ste 900 San Jose CA 95113

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 9 day of December, 2007, at California State Prison at Sacramento, Represa, California.

(Signature) [signature]
Declarant