NC

NO C0706068 RS

The United States District Court Northern District of California

Date December 19-2007
Judge Richard Seeborg
location 4, 5th Floor

Filed

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Motion opposing Motion to Dismiss, also Motion for Summary of Judgement

Plaintiff brings this Motion before the Court expressing that at the Present time, plaintiff is the owner of six specific checks that were returned to the defendant unnegotiated. Plaintiff would like to present current Facts that entitles plaintiff to the Recovery of these unnegotiated Instruments.

1. Plaintiff obtained a security interest in the delivered instruments UCC 1-201(31)-9102. Thus Creating a property interest in the instruments.

2. Due to the Delivery, and the Security, which established a property interest, Plaintiff obtained legal title, also beneficiary title to the Mailed checks. This alone entitle him to the Recovery of these returned Checks. The Fact that these Checks were returned to SSA, does not constitute these check's being effectively transferred or negotiated back to the defendant. The defendant even per the notice of overpayment exhibit 3#, states no claims of defense pertaining to the six specific

Checks returned to SSA. Thus the checks are sufficient holder in DUE course checks that Plaintiff is entitled to the absolute possession, and liability opone applied Simple Contract, Exhibit #2, a Clarification pen pointed by an SSA Employee, is not a legal claim of defense, thus voiding this pen pointed claim of defense to the payments made pertaining to the six specific checks. Exhibit #1 Clearly states all payments that were assesed as overpayments, no where in this notice does these six specific checks appear. In the defendants Motion to dismiss, it states that plaintiff has a right to exhaust his administrative Remidies, plaintiff is also entitled to Recover any returned checks unnegotiated prior to these proceedings, As SSA policy is to halt any recovery actions, untill a claimant is afforded proceedural right to a hearing, appeals council Review, Decission of Commissioner. For the defendant to withhold these checks pending these procedures, is a violation of plaintiffs property rights. Plaintiff ask the Court to order the defendant to forward these six specific checks listed in exhibit #1.

I swear by the penalty of perjury the forgoing is true and correct. Executed this 5th Day of December 2007

Michael Cook
Plaintiff in ProSE

Social Security Administration
**Supplemental Security Income**
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ▆▆▆▆-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

*[handwritten: There is no legal claims of defense to these returned]*

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

**If You Disagree With The Decision**

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

See Next Page

- You must have a good reason if you wait more than 60 days to ask for a hearing.

- You have to ask for a hearing in writing. We will ask you to sign a form HA 501-U5, called "Request for Hearing." Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to an Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case." It contains more information about the hearing.

### How The Hearing Process Works

The ALJ will mail you a letter at least 20 days before the hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

### It Is Important To Go To The Hearing

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

### If You Want Help With Your Hearing

You can have a friend, representative or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

*[handwritten top: "Clarification" / "Exhibit /"]*

## Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ███-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

*[handwritten: "This is not a legal claim of defense, as is SSA's policy pertaining to overpayments (he pointed)"]*

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

*[handwritten: "You were not due any of the above cks due to incarceration - Credited"]*

However, there was an still outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

*[handwritten: "back to treasury"]*

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

**If You Disagree With The Decision**

*[handwritten: "appeal dismissed - no longer issue since OP already waived — Zero Overpayment balance —"]*

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

*[handwritten left margin: "It states right in this section that I have a right to request a hearing!"]*

See Next Page

## Social Security Administration
## Supplemental Security Income
Notice of Overpayment

**AMENDED**

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: 558-31-3■■■
February 27, 2007
CMB

MICHAEL COOK T79529
CSATF
P O BOX 5246
CORCORAN CA 93212

*[handwritten: No where in the notice does the six specific checks, state as overpayments]*

We are writing to let you know that we have paid you $3,336.78 too much Supplemental Security Income (SSI) money. The overpayment happened October and November 2000, January 2002, May 2002, December 2002.

The overpayment occurred because your SSI checks were cashed while you were in penal custody throughout entire calendar months. This Notice replaces the Notice of November 20, 2002 which you told us you received when you reviewed the medical records you requested from us. Your remarks in the letter you wrote, dated August 21, 2006, caused us to look at the Notice of November 20, 2002 and see that indeed the Notice was not completely accurate. The amount of the overpayment was less than the true overpayment and the months for which you were <u>overpaid were not totally correct.</u> See "A Detailed Explanation of Your Overpayment" at end of this letter.

Later in this letter, we'll give you a detailed explanation of your overpayment.

You must pay us back unless <u>we decide you shouldn't have to pay us back or we are</u> wrong about the overpayment. If you think you shouldn't have to pay us back or disagree with the decision about the overpayment, you can:

Ask for a waiver,

Ask for an appeal, or

Do both.

This letter will tell you more about these things you can do.

See Next Page

*[handwritten: Folder Copy]*