Copy to original
Motion of opposition

FILED
2008 JAN -2 P 3:36
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

N 6068 RS

RC

In the united States
District Court Northern
District of California

TIME 9:45 am
Date 1-22-07
location 4, 5th Flr
Judge Richard Seeborg

[Motion of opposition to defendants motion to Dismiss.]

1. Plaintiff brings this motion before the Court Expressing that his DUE process rights are being Violated. Plaintiff filed an appeal with the Social Security administration on 4-4-07. Plaintiff recieved a response to this notice on 7-27-07. In this notice it Clearly States Plaintiffs right to request a hearing Pertaining to the decision rendered in the notice. Plaintiff Made this timely request, but was then denied this Constitutional right please see Exhibit #1#. Per USC 42 of the Social Security Act Plaintiff has a due process right to hearing prior to recovery of overpayments. (PLEASE SEE Exhibit #2)

2 Plaintiff was mailed SSI Checks during the months of Oct, Nov, DEC, 2002, also Oct, Nov, DEC, 2001. All of these Checks

were mailed with giving Plaintiff a security interest, collateral interest, also a property interest. These payments were duely negotiated to Plaintiffs, thus making plaintiff the sole owner and entitled to immediate possesion of these checks. As these checks were neither negotiated or indorsed back to the defendant. The defendant obtained possession of the checks by the checks simply being returned to sender. This does not constitute any legal transfer of plaintiff property back to the defendant, or his property rights.

3 Plaintiff would also like to present to the court, that there is no appropriate claim of defense pertaining to the payments made in exhibit 1#, as the notice of overpayment expresses checks mailed for Oct. Nov, 2000, may 2002, December 2002, and January 2002.

4 Plaintiff would also like to express that the hand writen clarification by an SSA employee, is not an appropriate policised claim of defense pertaining to an

assesed overpayment. Social Security Act 42 USC clearly states that a Claimant has a due process right to request a hearing Prior to recovery of any overpayment. Please see Elliott v. Weinberger (CA.9 Hawaii 1977 564 F.2d 1219.

5. Plaintiff would also like to Express to the Court that he was granted a waiver of recovery rights by the defendant Pertaining to the notice mailed on February 27, 2007. Plaintiff have expressed to the defendant on numerous occasions, that this check mailed in December 2002 was returned to Sender. Since the defendant has waived its right to recover this overpayment, this Check remains Plaintiffs Personal Property.

6 It is now Plaintiffs request that the Court order the defendant to forward all returned checks that were not negotiated back to the defendant, also that the Court order the defendant

to complie with Plaintiff right to a hearing before an administrative law Judge.

I Michael Cook hereby Swear by the penalty of perjury that the forgoing is true and correct, and can hearby testifie to this if called apone to do so.

Executed this 23d day of December 2007.

Michael Cook

CASE NO C07-6068RS Motion of opposition page 1

~~declaration~~ to Motion to Dismiss

plaintiff brings this action before the Court expressing that the defendant [redacted] at the present time has or accessets means to plaintiffs personal property. This property are seven negotiable instruments mailed to plaintiff's address then returned to sender unindorsed or negotiated. It is plaintiffs request that the defendant forward these instruments to the plaintiffs current address, as these instruments became plaintiffs property while they were in account recieveable form, then the actual instruments were mailed to plaintiffs address thus making these instruments constructive payments, fully negotiated to

The plaintiff. The Fact that the instruments were returned to Sender does not legaly Constitute the instruments being once again defendants property, & does not Constitute appropriate transfer or indersement. It is plaintiffs request that the Court order the defendant to Forward these instruments to plaintiffs current address in accordance with any order from the Court.

I michael cook plantiff in this action hearby Swear by the penalty of perjury that the forgoing is true and correct.

Signature X [signature] michael cook

Executed this 7th Day of Oct 2007.

Discription of Exhibits

Exhibit

7#

Is Clear proof that defendant Delevered the instruments to plantiff, and the instruments were returned to defendant unegotiate.

~~Exhibit #2~~ Notice of overpayment expressing months overpaid.

Exhibit #2

~~proves that plaintiff filed a tort Claim in attempts to obtain his personal property.~~

Exhibit #3

Demonstrates defendants Refusal to forward these Returned unindorsed or negotiated instruments.

~~[illegible] exhibit discription.~~

~~exhibit~~ # 4

Defendants dismisal of plaintiffs appeal this demonstrates plaintiff has exhausted his administrative Remedies. [illegible]

Exhibit # 1

Social Security Administration
**Supplemental Security Income**
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: [redacted]-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02. ← These instrument were not indors or negotiated back to Defendant MC plntf

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02. This check that was waived was returned to defendant. MC Plntf

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

### If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case. ← plaintiff Made a timely request for a hearing, and then was denied the right please see exhibits 3 and 4 MC plntf

- You have 60 days to ask for a hearing.
- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

See Next Page

[redacted]3056

- You must have a good reason if you wait more than 60 days to ask for a hearing.
- You have to ask for a hearing in writing. We will ask you to sign a form HA-501-U5, called "Request for Hearing." Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to an Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case." It contains more information about the hearing.

## How The Hearing Process Works

The ALJ will mail you a letter at least 20 days before the hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

## It Is Important To Go To The Hearing

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

## If You Want Help With Your Hearing

You can have a friend, representative or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

EX 8

Social Security Administration
**Supplemental Security Income**

SOCIAL SECURITY
2500 FONTAINE RD
SAN JOSE, CA 95121
Claim Number: [redacted]-3056
September 12, 2007
3LH

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671-0066

Defendant has clearly denied plaintiff his security interest, and property interest in the instruments. [signature] plaintiff

Dear MICHAEL COOK

YOUR REQUEST FOR RECONSIDERATION REGARDING GIVING YOU YOUR RETURNED SSI CHECKS IS NOT AN APPEALABLE ISSUE. YOU WERE NOT DUE THOSE CHECKS DUE TO INCARCERATION SO THEY WERE RETURNED TO TREASURY.

YOUR SSI RECORD HAS BEEN TERMINATED DUE TO MORE THAN 12 MONTHS OF INELIGIBILITY. YOUR SSI RECORD SHOWS NO OVERPAYMENTS. WHEN YOU ARE RELEASED FROM JAIL YOU MAY FILE A NEW CLAIM THAT HAS NO OVERPAYMENT BALANCE TO CARRY FORWARD.

Defendant acknowledges exhibit #1 but has refused to comply with the forwarding of the negotiable instruments [signature] plaintiff

[signature] for
*Vic Borba*
Vic Borba
Field Office Manager

All your issues were discussed in this letter

Exhibit #4

Clarification

# Social Security Administration
# Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: [redacted]-3056
July 27, 2007
JUL

Plaintiff was clearly denied the opportunity for a hearing

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

You were not due any of the above cks due to incarceration — Credited back treasury

However, there was an still outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

appeal dismissed — no longer issue since OP already waived — Zero overpayment balance

NC plaintiff

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.
- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

PLEASE SEE REVERSE SIDE →

See Next Page

TO THE SSA,

I am writing in regards to your expressing that my appeal is being denied do to the fact that a waiver has been granted. I appreciate your advise, but i have been informed by the court that i have a right to request a hearing before a administrative law judge. I now would like to exercise this right. I also would like to express that i was granted a waiver pertaining to the overpayment, i was assessed with on Febuary 27, 2007. It need to be expressed that the check waived for December 2002 was returned to SSA. Since i have been granted a waiver this check becomes solely my property. I am now demanding that this check be forwarded to the return address on the envelope.

Claimant Michael Cole

Proof of Service
by mail

plaintiff certifies that the Enclosed documents were duplicated and mailed to the following address(s)

James A Scarf
assistant united States attorney 150 almaden Blvd 9th floor
San Jose CA 95113

Michael Cook

Date 12-23-07