Copy # 2 from original Motion for Summary of Judgment, and Motion of Opposition

Motion for Summary of Judgement, Motion of opposition to defendants Motion to Dismiss

IN THE United States District Court for the Northern District of California

NO C07-06068 RS
NO C07-06232 RS

Filed
JAN 0 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

location U.S District Court 4, 5th Floor
time 9:45
Judge Richard Seeborg
Date 1-10-07

1. Plaintiff brings this Motion before the Court, expressing that his Due Process rights are being violated. Plaintiff has been denied his right to request a hearing prior to recoupment procedures pertaining to assessed overpayments. PLEASE SEE Exhibit 1, 2#.

It is plaintiff plea to the Court, that per 28 U.S.C.A. 1361, Social Security administration Regulations, 404.501 et seq., 42 U.S.C.A. App: Social Security Act 204, 42 U.S.C.A. 404. He is entitled to a hearing prior to the recovery of any overpayment, also that plaintiff is entitled to the amount recouped, pending completion of reconsideration. Social Security Act, 204(b), 42 U.S.CA. 404(b); Social Security Regulations, 404.506 et seq., 42 U.S.C.A. App.

2. Plaintiff would like to present to the Court, in exhibit marked Exhibit 1#, that these checks were paid to plaintiff, then returned to Sender. It is plaintiffs arguement that this method does not legaly constitute these checks being returned to the defendant, as Voluntary repayments. These checks were neither indorsed nor negotiated back to the defendant.

It is plaintiffs request that the Court acknowledge the fact that, these instruments were Constructively Paid, Constructively Recieved, also plaintiff obtained a Collateral interest in the Checks, included with a Security Interest and property Interest. Thus making Plaintiff the Sole owner of the Checks as the holder in Due Course. For the SSA to withhold these Checks becomes a Violation of Plaintiffs property rights of the 14th Amendment.

It is also plaintiffs right, in the security Interest given when the Checks were Mailed, to idemdifie against loss, or liability.

Plaintiff made a request for the accountability of these returned checks, and was mailed a notice on 7-27-07, expressing that the checks were returned. It need to be expressed to the court, that no where in this notice exhibit #1, does it express by the defendant any claim of recoupment pertaining to the paid checks, thus making the checks with out a doubt Plaintiffs property. In the notice marked exhibit #2, a notation was made by an SSA employee expressing a claim of recoupment, it need's to be expressed to the court, that even though a claim of recoupment has been stated by the defendant pertaining to these returned checks, Plaintiff still has the right to obtain possession of the checks untill completion of reconsideration.

3. Plaintiff also would like to express that he was granted a waiver of recovery pertaining to payment mailed in December, 2002. Plaintiff would like to express that this check was returned to the defendant, unnegotiated or indorsed. It is now Plaintiff

request that the Court order this fact to be discovered by the Court from the defendants' records.

4. It is now plaintiffs' request that the Court order the defendant to comply with Social Security Statutory regulations, and forward all returned checks stated in Exhibit 1#, also Exhibit #2. This concludes this Motion.

In regards to this Motion plaintiff requests the Court review Thomas V. Weinberger 389 F. Supp. 540, S.D.N.Y. (1974)

Respectfully Submitted by

*[signature]*

Plaintiff in Pro Se

I Michael Cook hereby swear that the forgoing is true and correct and can hereby testify to this if called upon to do so.

Executed this 28th day of December-2007

*[signature]*

Michael Cook

# Social Security Administration
# Supplemental Security Income

Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ■■■■-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated. *[handwritten: These checks were returned to SSA unnegotiated. MC]*

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02. *[handwritten: This check plaintiff was granted a waiver of recovery and was returned to SSA unnegotiated MC]*

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

See Next Page

~~~~3056

- You must have a good reason if you wait more than 60 days to ask for a hearing.

- You have to ask for a hearing in writing. We will ask you to sign a form HA-501-U5, called "Request for Hearing." Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to an Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case." It contains more information about the hearing.

## How The Hearing Process Works

The ALJ will mail you a letter at least 20 days before the hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

## It Is Important To Go To The Hearing

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

## If You Want Help With Your Hearing

You can have a friend, representative or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

████-3056

## If You Have Any Questions

For general information about SSI, visit our website at www.socialsecurity.gov on the Internet. You will find the law and regulations about SSI eligibility and SSI payment amounts at www.socialsecurity.gov/SSIrules/.

For general questions about SSI or specific questions about your case, you may call us toll-free at 1-800-772-1213 or call your local Social Security office at (408) 292-8900. If you call or visit our office, please bring this letter with you and ask for SSI Claims Rep..

If you plan to visit an office you may call ahead to make an appointment. This will help us serve you more quickly.

*Carolyn Goodwin*
Carolyn Goodwin
Field Office Manager

*— Clarification* [handwritten]    Exhibit #2 [handwritten]

# Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ■■■■-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

[handwritten annotation: *These instruments were recovered prior to statutory one repayment him reduced / the recover*]

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

[handwritten: *you were not due any of the above cks due to incarceration credited back to treasury*]

However, there was an still outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

[handwritten: *appeal dismissed — no longer issue since OP already waived — zero overpayment balance*]

### If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

[handwritten: *It states right in this section that I have a right to request a hearing!*]

See Next Page