JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney
DONNA WADE ANDERSON
Special Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5044
    Facsimile: (408) 535-5081

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL COOK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, et al.,<br><br>    Defendants. | CV 07-5805 RS<br>CV 07-6068 RS<br>CV 07-6232 RS<br><br>**DEFENDANT UNITED STATES OF AMERICA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I. BACKGROUND

Plaintiff has filed four separate complaints in both state and federal court against Social Security Administration employees in connection with non-receipt of several benefits checks initially sent to him. The first of these cases is now on appeal to the Ninth Circuit, after this Court dismissed it for failure to exhaust administrative remedies. The three pending cases have been deemed related and are now before Magistrate Judge Seeborg. Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies under the Federal Tort Claims Act and the

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

Social Security Act.[1/] Plaintiff thereafter filed an opposition brief and a motion for summary judgment. Defendant hereby replies to Plaintiff's opposition brief and motion for summary judgment.[2/]

The checks in question were returned (presumably by the correctional institution where Plaintiff was incarcerated) because the Social Security Act precludes payment of benefits to incarcerated individuals. Plaintiff alleges that the checks are his personal property and should be returned to him. Initially, the Social Security Administration assessed an overpayment against Plaintiff in the amount of checks sent to him during his incarceration; however, inasmuch as (some of the) checks were returned rather than being paid to Plaintiff, the overpayment was waived. Plaintiff, nonetheless, did not agree with the decision (that an overpayment existed) and requested a hearing before an administrative law judge (ALJ). Plaintiff's hearing request is still being processed, accordingly Plaintiff has not exhausted his administrative remedies under 42 U.S.C. § 405(g), and this Court has no jurisdiction to address his complaints.

## II.  ARGUMENT

### A.  Plaintiff Is Not Entitled to Payment of Benefits During Incarceration

The premise of Plaintiff's claim of right to payment of benefits is faulty at the outset. Plaintiff alleges that the benefit checks are his property and he is entitled to them. Plaintiff is mistaken. Social Security benefits are statutory, not contractual, and thus may be altered or eliminated at any time. Das v. Dept. of HHS, 17 F.3d 1250, 1256 (9th Cir. 1994), citing Weinberger v. Salfi, 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975).

---

   1/     To be more precise, Defendant filed a motion to dismiss in two of the pending cases (Perez and Borba) after removing them from State Court. Defendant has not yet filed a motion to dismiss in the Astrue case because it has not yet been served. To the extent that it asserts the same claim presented the cases against Perez and Borba, Defendant requests the Court to sua sponte dismiss it for the reasons stated in the pending motions to dismiss.

   2/     Defendant submits that Plaintiff's motion for summary judgment should be denied as moot if the Court dismisses these cases for failure to exhaust administrative remedies. If the Court denies Defendant's motion to dismiss, Plaintiff's motion for summary judgment should still be denied because there is a triable issue of fact as to the dates of his incarceration.

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

Here, Congress has elected to preclude payment of benefits to inmates, such as Plaintiff. The Social Security Act precludes the payment of Social Security benefits:

> to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony . . . .

42 U.S.C. § 402(x)(1); see also 20 C.F.R. § 404.468(a) (2007); Butler v. Apfel, 144 F.3d 622 (9th Cir. 1998) (affirming the constitutionality of precluding payment of Social Security benefits to inmates). While Title II of the Social Security Act requires conviction for a felony, Title XVI, which is the basis for the benefits Plaintiff was receiving, contains no such limitation. Title XVI precludes payment of Social Security benefits "with respect to any month if throughout such month he is an inmate of a public institution." 42 U.S.C. § 1382(e)(1)(A); see also 20 C.F.R. §§ 416.201, 416.211, 416.1325 (2007). It is clear that Plaintiff is currently incarcerated, and thus is not entitled to current payment of benefits. The question of whether Plaintiff was incarcerated at the time the checks in question were paid is a question of fact that would be resolved by the Commissioner upon exhaustion of administrative remedies, and thus should not be addressed here:

> The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) hereof which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security ... the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g); see also Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 2468-69, 101 L.Ed.2d 370 (1988). All other bases for review are precluded. 42 U.S.C. § 405(h).

The Social Security Administration receives inmate records from Federal, State and local correctional and mental health facilities/institutions on an ongoing basis. When this program operates correctly, the Social Security Administration is notified when a beneficiary is incarcerated

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

3

or otherwise becomes an inmate of such a facility so that the Agency can suspend or terminate benefits in accordance with the Social Security Act. If benefits are, nonetheless, paid to an incarcerated individual, based on the preclusion against such payments, the individual is not entitled to those benefits, and the Agency makes an initial determination of overpayment of benefits. See 20 C.F.R. §§ 416.535, 416.537-538 (2007).

Normally, the Agency is required to seek recovery of overpayments, however the overpayment may be waived when the beneficiary was not at fault for causing the overpayment, or if recovery would be against equity and good conscience. 20 C.F.R. §§ 416.550, 416.552, 416.554 (2007). Normally, an overpayment caused by a beneficiary's failure to inform the Agency that he is incarcerated would not be waived inasmuch as beneficiaries are required to notify the Commissioner of such changes. 20 C.F.R. §§ 416.201, 416.552(a), 416.708 (2007). Nonetheless, in this case, the overpayment was waived inasmuch as the checks were returned to Treasury. Waiver of an overpayment is not an admission by the Agency that the beneficiary was actually entitled to the payment. Indeed, if that was the case, the request for reconsideration would have been granted – it was not. The waiver applied only to *adjustment or recovery* of the overpayment ("[w]aiver of adjustment or recovery of an overpayment from the overpaid person himself (or, after his death, from his estate) frees him and his eligible spouse from the obligation to repay the amount of the overpayment covered by the waiver. "). 20 C.F.R. § 416.551 (2007). If, as the Agency found, Plaintiff was incarcerated at the time the checks were paid, the Agency is *precluded*, by law, from reissuing them, *regardless* of the waiver of overpayment. Thus, reissuance of the checks is not a possibility unless Plaintiff can somehow show that he was not incarcerated when they were issued. During a hearing before an ALJ, he can fully adjudicate the issue of whether the overpayment was proper, and whether he was due those particular checks. Again, inasmuch as that issue is still before the Commissioner and Plaintiff has not yet exhausted his administrative remedies in this regard, this Court has no jurisdiction to address it and should dismiss all of Plaintiff's related complaints with prejudice.

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

4

B. <u>Plaintiff is not Entitled to Payment of Benefits Pending a Hearing on the Overpayment</u>

Plaintiff argues that he has a due process right to receive a hearing prior to recovery of stated or alleged overpayments, and that he should be paid these amounts pending a hearing on the overpayment. Plaintiff is mistaken.

The Social Security Act clearly precludes payment of benefits during any full month of incarceration. Furthermore, the Commissioner's regulations specify that:

> (a) ... a recipient is ineligible for benefits for the first full calendar month in which he or she is a resident of a public institution (as defined in §416.201) throughout the calendar month (as defined in §416.211(a)), and payments are suspended effective with such first full month. Such ineligibility continues for so long as such individual remains a resident of a public institution.
>
> (b) *Resumption of payments.* If benefits are otherwise payable, they will be resumed effective with the earliest day of the month in which a recipient is no longer a resident of a public institution. See §416.421. A transfer from one public institution to another or a temporary absence from the institution lasting 14 days or less, however, will not change his or her status as a resident, and the suspension will continue.

20 C.F.R. § 416.1325 (2007).

The Supreme Court has held that pre-termination evidentiary hearings were necessary in certain welfare cases. <u>Goldberg v. Kelley</u>, 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d. 287 (1970). <u>Goldberg</u>, however, sets out a standard for evaluating due process questions that, when applied, demonstrates that Plaintiff was not denied his due process rights when the checks were not reissued pending a hearing.

In <u>Goldberg</u>, the Court found it determinative that:

> a welfare recipient is destitute, without funds or assets .... The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be condemned to suffer grievous loss.

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

5

> Thus the crucial factor in this context – a factor not present in the case of the blacklisted government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended– is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate.

Goldberg v. Kelley, 397 U.S. at 261-264 (original emphasis). Here, as Congress noted in 1980 when discussing a this provision of the Act, the prisoner's needs are completely satisfied by the prison system, and funded by the taxpayers. Thus, the single most important factor in Goldberg which directed a pre-termination evidentiary hearing– need – is not present here. Plaintiff's every need will continue to be met by the taxpayers through the state prison system, despite the suspension of his social security benefits.

Of course, the Supreme Court went on, in Mathews v. Eldrige, 424 U.S. 319, 326, 96 S. Ct. 893, 898, 47 L.Ed.2d 18 (1976), to note that the right to procedural due process is not limited to situations in which poverty is involved. The Court also held in Eldrige, however, that where the individual has

> access to private resources, [and] other forms of government assistance, . . . there is less reason here than in Goldberg to depart from the ordinary principle, established by our decisions, that something less than an evidentiary hearing is sufficient prior to adverse administrative action.

Mathews v. Eldrige, 424 U.S. at 342-343.

There is one other, very fundamental difference between Goldberg, Eldrige, and the case at bar. As the Court goes on to discuss in Eldrige, another factor to consider when reviewing issues of procedural due process, is "the fairness and reliability of the existing pre-termination procedures, and the probable value, if any, of additional procedural safeguards." Id. at 343. In other words, the question is whether additional procedures or hearings have produced a different result. Here, the

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

answer is a resounding "no."

The goal of a due process procedure is not to delay the inevitable, it cannot be an exercise in futility. The goal of any due process analysis is to prevent mistakes. In this context, the goal must be to make sure that benefits are not erroneously denied to an eligible and entitled individual. Here, however, due to an operation of law, Plaintiff is no longer eligible for the receipt of benefits, and there are no set of facts, save Plaintiff's immediate release from prison, that would have yielded a different result.

C. This Court Has No Jurisdiction to Consider Plaintiff's Allegations

Commissioner also has evidence to show that the checks returned that were part of an overpayment determination were for a period of time during which Plaintiff was incarcerated. However, this Court's authority with respect to the routine processing of Social Security benefits is limited. The Social Security Act limits the courts' scope of review to the Commissioner's final decision, the evidence of the administrative transcript on which the decision was based, and the pleadings. Russell v. Bowen, 856 F.2d 81, 84 (9th Cir. 1988) (citing 42 U.S.C. § 405(g)). Courts are not fact-finders in Social Security cases. This Court does not have jurisdiction to hear this matter de novo nor may the Court receive and consider or review extra-record evidence.

The Social Security Act bars peremptory judicial intervention in routine benefit claims processing. The sole jurisdictional basis for review of administrative actions concerning claims for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381 et seq., is set forth in 42 U.S.C. § 405(g) (applicable to SSI claims pursuant to 42 U.S.C. § 1383(c)(e)). That section provides the judicial review only of a "final decision" of the Commissioner made after a hearing to which the plaintiff was a party. Only final decisions of the Commissioner are subject to judicial review. Schweiker v. Chilicky, 487 U.S. at 444-45; Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987); 42 U.S.C. § 405(g). All other avenues of review are foreclosed by 42 U.S.C. § 405(h). Id.

A final decision is one in which a claimant has exhausted his or her administrative remedies.

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

7

Cassim v. Bowen, 824 F.2d at 794; 42 U.S.C. § 405(g). A claimant must exhaust all administrative remedies before bringing an action in federal court even if the administrative process is slow and tedious. See Hironymous v. Bowen, 800 F.2d 888, 893-94 (9th Cir. 1986); Califano v. Sanders, 430 U.S. 99, 104 (1977); Heckler v. Day, 467 U.S. 104, 110-11 (1984) (although the "unusually protective [multi]-step process for the review and adjudication of disputed claims," can be tedious, Congress declined to set deadlines on the administrative process). Furthermore, the Agency is in the best position to do fact-finding:

> the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources. The agency will correct its own errors through administrative review.

Kildare v. Saenz, 325 F.3d 1078, 1083-84 (9th Cir. 2003).

Finally, as a part of his complaint, Plaintiff must allege that he has exhausted his administrative remedies as a basis for judicial jurisdiction. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). Here, Plaintiff admits that he has not exhausted his administrative remedies inasmuch as he has not received a hearing. He alleges that he has exhausted his administrative remedies because his hearing request was dismissed, however that is not the case. Plaintiff's hearing request is, in fact, being processed.

Inasmuch as Plaintiff was not entitled to the benefits which he seeks, they do not belong to him and need not, indeed *cannot* be repaid. Because he seeks repayment of benefits to which he is not entitled, it could be argued that Plaintiff has failed to state a claim upon which relief may be granted. Nonetheless, because Plaintiff has failed to exhaust his administrative remedies under the Social Security Act, this Court has no jurisdiction to consider Plaintiff's complaint.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's multiple complaints should be granted.

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

|                          | Respectfully submitted, |
|---|---|
| Dated: January 18, 2008  | JOSEPH P. RUSSONIELLO<br>United States Attorney<br>JOANN M. SWANSON<br>Chief, Civil Division<br>JAMES A. SCHARF<br>Assistant United States Attorney<br>DONNA WADE ANDERSON<br>Special Assistant U.S. Attorney<br>United States Social Security Administration |
|                          | By:  /S/<br>JAMES A. SCHARF<br>Assistant United States Attorney<br>Attorney for Defendants |

DEFENDANT'S REPLY
CV 07-5805 RS
CV 07-6068 RS
CV 07-6232 RS

9