*E-FILED 1/28/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.[1]

NO. C 07-06068 RS
NO. C 07-06232 RS

**ORDER GRANTING MOTIONS TO DISMISS**

This Court first became aware of plaintiff Michael Cook's dispute with the Social Security Administration ("SSA") when Case No. 06-05950 RS ("the 5950 case") was randomly assigned to it, and the parties consented to the jurisdiction of the undersigned to adjudicate the matter. The parties are familiar with the series of orders that issued in the 5950 case, both before and after it was dismissed with prejudice. Cook's appeal of the dismissal of the 5950 case is presently pending before the Ninth Circuit.

---

[1] The original defendant in case No. C 07-06068 RS was Jacob Perez. Case No. C 07-06232 RS originally named Vic Borba and Carolyn Goodwin as defendants. In both actions, the United States Attorney certified that the named individual defendants were acting within the course and scope of their employment by the United States of America, with the result that the United States was automatically substituted as the defendant. The caption on defendant's reply brief in support of these motions lists the defendant as Michael J. Astrue. That appears to be because defendant seeks dismissal of yet a third action brought by Cook, Case no. C 07-5085 RS. (Defendant's reply brief transposes two digits in that case number.) In that case, Cook named as the defendant Joanne Barnhardt, who was then secretary of the Social Security Administration. Astrue is Barnhardt's successor, and was automatically substituted as the defendant in that action. As discussed below, this order dismisses only case No. C 07-06068 RS and Case No. C 07-06232 RS.

1

1     The 5950 case was dismissed primarily on the grounds that Cook had failed to exhaust his
2  administrative remedies. Apparently at least in part as a *result* of issues raised in the 5950 case,
3  however, the SSA issued an amended notice of overpayment on February 27, 2007, that expressly
4  triggered a new administrative appeal period. Additionally, it is undisputed that Cook in fact
5  initiated a timely administrative appeal in connection with the amended notice. Accordingly, at the
6  time the 5950 case was dismissed, it appeared that Cook would be able to raise his disputes in the
7  course of an administrative appeal, and then, if necessary, file a new action for federal court review
8  of any final administrative decision that he might believe to be erroneous.

9     Although the record is not entirely clear, it appears that shortly after the 5950 case was
10 dismissed, the SSA informed Cook that it was waiving its right to collect what it contended was an
11 overpayment of $3336.78. That decision was reflected in a letter dated July 27, 2007. The evidence
12 submitted by both sides in these cases make it difficult to determine with certainty what occurred,
13 but it seems that the SSA initially took the position that Cook had no right to any administrative
14 appeal of the July 27, 2007 decision, because he could not claim to be aggrieved by the SSA's
15 decision to waive the claimed overpayment. As the Court noted in an order issued in the 5950 case,
16 however, the mere fact that the SSA waived what it contended had been an overpayment with
17 respect to certain checks that issued and *were* negotiated was not a basis to preclude Cook from
18 challenging the finding of the July 27, 2007 decision that he was not entitled to recover six specific
19 checks that were returned to the SSA *without* having been negotiated.

20    In the present actions, defendant moves to dismiss on the basis that the SSA has now
21 acknowledged that Cook is entitled a hearing before an administrative law judge, and that his request
22 for such a hearing is still being processed.[2]  Pending such a hearing, defendant is correct that Cook
23 has not exhausted his administrative remedies, and that, as a result, the Court lacks jurisdiction to
24 act. Accordingly the motions to dismiss will be granted, without leave to amend, but without
25 prejudice to any new action that may be filed once Cook has exhausted his administrative remedies.

---

[2] It is not entirely clear whether the SSA understands that Cook may not be challenging whether "an overpayment existed"  (Reply brief at 2:10), but instead likely is challenging whether the SSA has an obligation to send him those checks that were issued but *not* negotiated, and which therefore presumably were *not* part of the alleged "overpayment" that the SSA has waived.

United States District Court
For the Northern District of California

In his capacity as an officer of the Court, the United States Attorney is directed to provide a copy of this order and all substantive orders from the 5950 case to the administrative law judge who hears Cook's administrative appeal. The Court expresses no opinion as to the merits of Cook's contentions that he is entitled to the disputed checks, but wishes to ensure that the facts and procedural history are fully understood and considered, so that any future court review will be substantive rather than procedural.

Cook is advised and directed to refrain from filing any additional cases regarding this matter in either federal or state court until and unless either: (1) the SSA fails, within a reasonable time, to schedule a hearing before an ALJ, in which case Cook may file a new action in this Court challenging the SSA's decision and alleging that he has effectively exhausted or been refused the opportunity to exhaust administrative remedies, or (2) the ALJ issues a decision, and Cook thereafter follows the procedures for seeking review of such a decision.

At this juncture, the Court declines to dismiss Case No. C 07-5085 RS *sua sponte*, where defendant has not been served and no motion to dismiss has been filed. It is worth noting, however, that from this record it would seem that dismissal without leave to amend on the same grounds as in these actions may ultimately be appropriate.

Finally, in light of this order, the various motions filed by Cook are denied as moot or on grounds that the relief he seeks is not proper, or both. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 1/28/08

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 07-06068 RS

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook
T-79529
Kern Valley State Prison
California State Prison
Post Office Box 5104
Dalano, CA 93216

**Dated: 1/28/08**                                          **Richard W. Wieking, Clerk**

                                                            **By:    Chambers**

ORDER
C 07-06068 RS