Original
Complaint

Michael Cook

V

USA

Plaintiff is requesting that this Court Acknowledge that this is a related case to CASE NO C 07-0606 8RSNO C070673 2RS

Complaint Violation of Due process rights in the aspect of property rights

## Complaint

1. Plaintif is being denied his due process right to a hearing before an administrative law Judge. It has been informed to plaintiff that he will be Scheduled for a hearing once he is released from incorieration. TO presideing Judge, please see Exhibits # 1 also # 2. It is now plaintiffs request that the Court order the defendant to forward all returned Checks that were returned to SSA unnegotiated. Please see Exhibit # 3 The defendant is now violating plaintiffs Due process rights by recovering these checks with out proper Abitration.

Exhibit #3 would demonstrate 2 two Facts of Administrative law, also Statutory due process law. First all recipients of Social Security Disability has a due process right to recieve adequate notice of recovery plainly and clearly communicated (Constitutional law). The Defendant mailed a initial notice then amended this (notice please see filing history) The amendment expressed error in May payments being paid to plaintiff. Plaintiff Then requested the accountability of checks that were returned unnegotiated, or indorsed. The defendant then then mailed documentation demonstrating that the checks were Returned (see exhibit #3) Plaintiff is now simply requesting that the checks be forwarded to the current address he resides. Plaintiff has made every attempt to exhaust his remedies with SSA only to be denied this on numerous occasions (please see exhibit # 2) Plaintiff would like the court to order the defendant to forward all returned checks to his current address. I Swear by the penalty of perjury that the forgoing is true and correct and can be called apone to testifie to this if necessissay executed this

2 day of march 2008

michael cook

I Michael Cook hearby Swear by the penalty of perjury that the forgoing Complaint is true and correct and can be called apone to testifie to this if necessary

Executed this 28th day of March 2008

Michael Cook

Copy of
original

The United
District Court for
the Northern district
of California

Cook     plaintiff

v

U.S.A

Defendant

Motion ~~━━~~

~~━━━━~~    ~~━━~~

Summary of Judgement

1. plaintiff Michael Cook, brings this Motion before the Court expressing that once again plaintiff is being denied her right to due process pertaining to several benefit checks that were returned to sender unnegotiated. The included ~~exhibit, which clearly demostrate~~ ~~Were plaintiff has been informed by the~~ SSA, that he is only entitled to a hearing pertaining to these payments once he is released. It should be considered that plaintiff has at least 10 yrs left on his sentence. The Court is aware or the fact that several (six to be exact) benefit checks were returned to the SSA unnegotiated. If is clear violation of plaintiffs due process rights to withhold a

recover these checks, with out giving plaintiff due consideration prior to recovery in a statutory hearing before a administrative law Judge. Plaintiff has once again been denied his statutory right. It needs to be expressed to the court that due process is flexible, and the Fact or the alledged reason For denying plaintiff this right due to his incarciration is unconstitutional, as it ~~would have to be given in a~~ hearing that plaintiff is even incarcerated at the present time. So in this posture plaintiffs incarciration becomes irrelevent. Plaintiff was paid these checks also, givin a property interest, and a security interest once these checks were assigned and delevered to plaintiff, thus making plaintiff the sole owner of these checks. The defendant has agreed to the Fact that it has possession of these

returned Checks. The defendant is now relieving or withholding these checks without due process, and proper arbitration. Plaintiff would like to express to the Court, that he has filed several law suits in simply incouraging the defendant to comply with the law pertaining to payments Made or to overpayments, Each time the defendant has acknowledged their defect and agreed to Comply with Plaintiffs due process rights, only to then ONCE Again deny plaintiff his rights

3. It is now plaintiff request that the Court acknowledge that the defendant will not act Abitrarily on its own accord, and will only Comply with a Court order from the Court. Plaintiff is now requesting that all administrative remedies be deemed Exhausted and order the SSA to forward all returned benefit checks respectfully submitted by

**\*E-FILED 1/28/08\***

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

                Plaintiff,

     v.

UNITED STATES OF AMERICA,

                Defendant.[1]

NO. C 07-06068 RS
NO. C 07-06232 RS

**ORDER GRANTING MOTIONS
TO DISMISS**

    This Court first became aware of plaintiff Michael Cook's dispute with the Social Security Administration ("SSA") when Case No. 06-05950 RS ("the 5950 case") was randomly assigned to it, and the parties consented to the jurisdiction of the undersigned to adjudicate the matter. The parties are familiar with the series of orders that issued in the 5950 case, both before and after it was dismissed with prejudice. Cook's appeal of the dismissal of the 5950 case is presently pending before the Ninth Circuit.

---

    [1] The original defendant in case No. C 07-06068 RS was Jacob Perez. Case No. C 07-06232 RS originally named Vic Borba and Carolyn Goodwin as defendants. In both actions, the United States Attorney certified that the named individual defendants were acting within the course and scope of their employment by the United States of America, with the result that the United States was automatically substituted as the defendant. The caption on defendant's reply brief in support of these motions lists the defendant as Michael J. Astrue. That appears to be because defendant seeks dismissal of yet a third action brought by Cook, Case no. C 07-5085 RS. (Defendant's reply brief transposes two digits in that case number.) In that case, Cook named as the defendant Joanne Barnhardt, who was then secretary of the Social Security Administration. Astrue is Barnhardt's successor, and was automatically substituted as the defendant in that action. As discussed below, this order dismisses only case No. C 07-06068 RS and Case No. C 07-06232 RS.

1

The 5950 case was dismissed primarily on the grounds that Cook had failed to exhaust his administrative remedies. Apparently at least in part as a *result* of issues raised in the 5950 case, however, the SSA issued an amended notice of overpayment on February 27, 2007, that expressly triggered a new administrative appeal period. Additionally, it is undisputed that Cook in fact initiated a timely administrative appeal in connection with the amended notice. Accordingly, at the time the 5950 case was dismissed, it appeared that Cook would be able to raise his disputes in the course of an administrative appeal, and then, if necessary, file a new action for federal court review of any final administrative decision that he might believe to be erroneous.

Although the record is not entirely clear, it appears that shortly after the 5950 case was dismissed, the SSA informed Cook that it was waiving its right to collect what it contended was an overpayment of $3336.78. That decision was reflected in a letter dated July 27, 2007. The evidence submitted by both sides in these cases make it difficult to determine with certainty what occurred, but it seems that the SSA initially took the position that Cook had no right to any administrative appeal of the July 27, 2007 decision, because he could not claim to be aggrieved by the SSA's decision to waive the claimed overpayment. As the Court noted in an order issued in the 5950 case, however, the mere fact that the SSA waived what it contended had been an overpayment with respect to certain checks that issued and *were* negotiated was not a basis to preclude Cook from challenging the finding of the July 27, 2007 decision that he was not entitled to recover six specific checks that were returned to the SSA *without* having been negotiated.

In the present actions, defendant moves to dismiss on the basis that the SSA has now acknowledged that Cook is entitled a hearing before an administrative law judge, and that his request for such a hearing is still being processed.[2]  Pending such a hearing, defendant is correct that Cook has not exhausted his administrative remedies, and that, as a result, the Court lacks jurisdiction to act. Accordingly the motions to dismiss will be granted, without leave to amend, but without prejudice to any new action that may be filed once Cook has exhausted his administrative remedies.

---

[2] It is not entirely clear whether the SSA understands that Cook may not be challenging whether "an overpayment existed"  (Reply brief at 2:10), but instead likely is challenging whether the SSA has an obligation to send him those checks that were issued but *not* negotiated, and which therefore presumably were *not* part of the alleged "overpayment" that the SSA has waived.

2

United States District Court
For the Northern District of California

1   In his capacity as an officer of the Court, the United States Attorney is directed to provide a

2   copy of this order and all substantive orders from the 5950 case to the administrative law judge who

3   hears Cook's administrative appeal. The Court expresses no opinion as to the merits of Cook's

4   contentions that he is entitled to the disputed checks, but wishes to ensure that the facts and

5   procedural history are fully understood and considered, so that any future court review will be

6   substantive rather than procedural.

7        Cook is advised and directed to refrain from filing any additional cases regarding this matter

8   in either federal or state court until and unless either: (1) the SSA fails, within a reasonable time, to

9   schedule a hearing before an ALJ, in which case Cook may file a new action in this Court

10  challenging the SSA's decision and alleging that he has effectively exhausted or been refused the

11  opportunity to exhaust administrative remedies, or (2) the ALJ issues a decision, and Cook

12  thereafter follows the procedures for seeking review of such a decision.

13       At this juncture, the Court declines to dismiss Case No. C 07-5085 RS *sua sponte*, where

14  defendant has not been served and no motion to dismiss has been filed. It is worth noting, however,

15  that from this record it would seem that dismissal without leave to amend on the same grounds as in

16  these actions may ultimately be appropriate.

17       Finally, in light of this order, the various motions filed by Cook are denied as moot or on

18  grounds that the relief he seeks is not proper, or both. The Clerk shall close the file.

19

20

21  IT IS SO ORDERED.

22  Dated: 1/28/08

        RICHARD SEEBORG
        United States Magistrate Judge

23

24

25

26

27

28

ORDER
C 07-06068 RS                    3

THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

AND A COPY OF THIS ORDER WAS MAILED TO:

Michael Cook
T-79529
Kern Valley State Prison
California State Prison
Post Office Box 5104
Dalano, CA 93216

Dated: 1/28/08

Richard W. Wieking, Clerk

By:    _____ Chambers _____

**United States District Court**
For the Northern District of California

ORDER
C 07-06068 RS

4

*[handwritten top left:]* Clarification

# Social Security Administration
## Supplemental Security Income
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ~~████~~-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

*[handwritten right:]* Now they have went backward and turned this notice into a notice of overpayment of the original

Reconsideration Filed:
April 9, 2007

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02.

*[handwritten:]* You were not due any of the above cks due to incarceration — Credited back to treasury

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

*[handwritten right:]* what about the statute of limitation repeated having to pay + appeal then cont...

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

*[handwritten:]* appeal dismissed — no longer issue since OP already waived — zero overpayment balance

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

*[handwritten bottom right:]* This becomes a deprivation with an due process REVERSE side

*[handwritten bottom left:]* It states right in this section that I have a right to request

See Next Page

*Exhibit H*
*The Sate is Denial*
*of its Appeal gone*
*hearing*
*rights*

**SOCIAL SECURITY ADMINISTRATION**

Refer To:
████3056
Michael C Cook

Office of Disability Adjudication and Review
Suite 200
2031 Howe Avenue
Sacramento, CA 95825-0178
Tel: (866)321-8793 / Fax: (916)925-5014

January 23, 2008

Michael C Cook
CSP Sacramento    *, CDC# T79529*
P O Box 290066
Represa, CA 95671

Dear Mr. Cook:

This is to inform you that we will schedule you for a hearing before an administrative law judge
once you are released from incarceration.  As soon as you are released and know where you will
be residing, you are to contact our office immediately at the address shown above.  You may also ,
call this office with the information at (866) 321-8793.  It is your responsibility to keep this
office fully informed of your whereabouts.  Therefore, if you should be moved to another facility
and/or are released, contact this office immediately.  Be sure you include your social security
number on all correspondence and an address and phone number where you can be contacted if
necessary.  Your cooperation is greatly appreciated.

Sincerely yours,

Administrative Law Judge .

_Michael Cook_
Petitioner

_Warden Kesp_
Respondent(s)

DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, _Michael Cook_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _N/A_

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _N/A_

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?  ☐ Yes  ☒ No

   b. Rent payments, interest or dividends?  ☐ Yes  ☒ No

   c. Pensions, annuities or life insurance payments?  ☐ Yes  ☒ No

   d. Gifts or inheritances?  ☐ Yes  ☒ No

   e. Any other sources?  ☐ Yes  ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _N/A_
   _N/A_
   _N/A_

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

   ☐ Yes  ☐ No

   If the answer is yes, state the total value of the items owned: _N/A_

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: ___N/A___

___

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: ___N/A___

___

___

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___3-4-08___ _____

       *Date*                              *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $___10.00___ on account to his credit at the ___Kern Valley State Prison___ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: ___N/A___

___

___3/13/08___ _____

       *Date*                            *Authorized Officer of Institution/Title of Officer*

REPORT ID: TS3030 .701                              REPORT DATE: 03/12/08
                                                        PAGE NO:        1

                         CALIFORNIA DEPARTMENT OF CORRECTIONS
                            KERN VALLEY STATE PRISON
                         INMATE TRUST ACCOUNTING SYSTEM
                         INMATE TRUST ACCOUNT STATEMENT


                  FOR THE PERIOD: SEP. 01, 2007 THRU MAR. 12, 2008


ACCOUNT NUMBER : T79529                  BED/CELL NUMBER: FBB200000000105L
ACCOUNT NAME   : COOK, MICHAEL CHARLES   ACCOUNT TYPE: I
PRIVILEGE GROUP: D
                         TRUST ACCOUNT ACTIVITY

     TRAN
DATE CODE DESCRIPTION  COMMENT  CHECK NUM DEPOSITS  WITHDRAWALS  BALANCE
---- ---- ------------ -------- --------- --------- ----------- -----------

09/01/2007  BEGINNING BALANCE                                      0.00

    ACTIVITY FOR 2008
03/06*DD30 CASH DEPOSIT 1395/MR              11.25                11.25
03/06 FC07 DRAW-PAC 7   1410ASUB1D                        1.25    10.00


                      CURRENT HOLDS IN EFFECT

    DATE      HOLD
   PLACED     CODE        DESCRIPTION          COMMENT    HOLD AMOUNT
 ---------    ----  --------------------------  ---------  -----------

02/26/2008   H118  LEGAL COPIES HOLD          1328/LCOPY      9.10
02/26/2008   H111  LIBRARY HOLD               1328LIBRAR      0.90


                  * RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 01/22/03               CASE NUMBER: SC051612
COUNTY CODE: SM                        FINE AMOUNT: $    200.00


   DATE      TRANS.   DESCRIPTION              TRANS. AMT.   BALANCE
 ---------   ------   ------------------------------  -----------  -----------

09/01/2007  BEGINNING BALANCE                                 200.00

03/06/08    DR30    REST DED-CASH DEPOSIT          12.50-    187.50

    * THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
    * IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.       *


                      TRUST ACCOUNT SUMMARY

  BEGINNING      TOTAL       TOTAL      CURRENT      HOLDS    TRANSACTIONS
   BALANCE     DEPOSITS   WITHDRAWALS   BALANCE     BALANCE   TO BE POSTED
 -----------  ----------  -----------  ----------  ---------  ------------

     0.00       11.25        1.25        10.00       10.00        0.00
 -----------  ----------  -----------  ----------  ---------  ------------

                                                       CURRENT
                                                      AVAILABLE
                                                       BALANCE
                                                   ---------------
                                                         0.00

THE WITHIN INSTRUMENT IS A
CORRECT COPY OF THE TRUST
ACCOUNT MAINTAINED BY THIS OFFICE.
ATTEST:

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

BY _____
   TRUST OFFICE

REPORT ID: TS3030  .701

REPORT DATE: 03/13/08
PAGE NO:    1

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIF STATE PRISON SACRAMENTO
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: SEP. 01, 2007 THRU MAR. 13, 2008

ACCOUNT NUMBER : T79529                    BED/CELL NUMBER:
ACCOUNT NAME   : COOK, MICHAEL CHARLES      ACCOUNT TYPE: T
PRIVILEGE GROUP:

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

CURRENT
AVAILABLE
BALANCE
----------
0.00
----------



I hereby certify that the within document is a true and correct
COPY OF THIS TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:

CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
       TRUST OFFICE